## THORN v. BEARD.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

1. ATTORNEY AND CLIENT—COMPENSATION—GUARDIAN AD LITEM.
   Compensation for professional services of an attorney, in proceedings before the surrogate in which he acted as guardian *ad litem* of minor children, cannot be recovered from the father of such children, where their interests were not identical with his.

2. APPEAL—WEIGHT OF EVIDENCE.
   In an action for professional services by an attorney, he testified to his employment by defendant, and that he did work thereunder, although the action contemplated was not finally prepared or brought, and to the value of the services. Defendant denied the employment. *Held*, that a verdict for plaintiff should not be disturbed on appeal.

Appeals from circuit court, Dutchess county.

Action by William I. Thorn against Oliver T. Beard, for professional services rendered by plaintiff as an attorney. At the trial it appeared that part of such services were performed by plaintiff as guardian *ad litem* for minor children of defendant, in certain proceedings in the surrogate's court, in which defendant's interest was not identical with the interests of his children. The court excluded such services from the consideration of the jury. As to the remaining portion of the services sued for, plaintiff testified that he was employed by defendant in regard to proceedings contemplated, which were not involved in the other proceedings, and that he did work in pursuance of such employment, but the parties separated before any case was finally prepared, and no action was commenced. He also testified as to the value of the services so rendered. Defendant denied any employment of plaintiff. The jury found a verdict for plaintiff. Both parties appeal from the judgment for plaintiff entered on the verdict.

Argued before DYKMAN and PRATT, JJ.

*Homer A. Nelson*, for plaintiff. *John T. Barnard*, (*Frank B. Lawn* and *Oliver T. Beard*, of counsel,) for defendant.

PRATT, J. The legal objection to plaintiff's recovery from defendant for services rendered in the proceedings before the surrogate was placed by the circuit judge on the proper ground. In those proceedings plaintiff was guardian *ad litem* for defendant's children. Their interests were not identical with those of their father, and any agreement of the father to compensate the guardian would be contrary to public policy. The evidence does not show that any service was rendered before the appointment as guardian. As to the one item on which plaintiff was allowed to go to the jury we find no error. There was a question of fact upon which the verdict was decisive. Judgment affirmed. No costs.